UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP JOVE LEIB-PODRY,
                    Plaintiff,

-v-

WILLIAM HENRY GATES III,
                    Defendant.

24-CV-8510 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Philip Jove Leib-Podry, proceeding *pro se*, brings this action against Defendant William Henry Gates III.  Before the Court is Defendant's motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  (ECF No. 6.)

    "A motion pursuant to Rule 12(e) should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."  *Kok v. First Unum Life Ins. Co.*, 154 F. Supp. 2d 777, 781-82 (S.D.N.Y. 2001) (quoting *ESI, Inc. v. Coastal Corp.*, 61 F.Supp.2d 35, 68 (S.D.N.Y.1999)).  Such motions "are generally disfavored in this District," *Garvin v. Sony Music Ent.*, No. 11-CV-3, 2011 WL 4582429, *4 (S.D.N.Y. Oct. 4, 2011), and are "meant to rectify incomprehensible or confused pleadings, not to add detail or substitute for the discovery process," *Ndugga v. Bloomberg L.P.*, No. 20-CV-7464, 2024 WL 3755564, at *1 (S.D.N.Y. Aug. 12, 2024) (citation omitted).  At the same time, "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest."  *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

1

In response to Defendant's motion for a more definite statement, Plaintiff has filed a "proposed statement of cause" that specified two purported causes of action and alleged intelligible facts in support. (ECF No. 10.) That filing is deemed an amended complaint. While it is a different question whether the amended complaint states a claim upon which relief can be granted, it is not "so excessively vague and ambiguous" as to warrant granting a motion pursuant to Rule 12(e). *Kok*, 154 F. Supp. 2d at 781. The proper response is for Defendant to file a motion to dismiss or answer.

For the foregoing reasons, the motion for a more definite statement is DENIED, without prejudice to the filing of a motion to dismiss or answer. Defendant shall answer or otherwise respond to the complaint on or before January 24, 2025.

The Clerk of Court is directed to close the motion at Docket Number 6.

SO ORDERED.

Dated: December 20, 2024
       New York, New York

                                                J. PAUL OETKEN
                                         United States District Judge