UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――
PHILIP JOVE LEIB-PODRY,
                      Plaintiff,

          -v-

WILLIAM HENRY GATES III,
                      Defendant.
―――――――――――――――――――――――――――

24-CV-8510 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Philip Jove Leib-Podry, proceeding *pro se*, brings this action against Defendant William Henry Gates III, alleging that Gates, presumably in his capacity as then-CEO of Microsoft, underpaid and financially harmed Leib-Podry's mother, and thereby caused her death.

    Before the Court is Gates's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and three motions filed by Leib-Podry: a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, a motion to compel mediation and stay litigation, and a motion to amend his complaint. For the reasons that follow, Gates's motion to dismiss is granted, and Leib-Podry's motions are denied.

**I.    Background**

    **A.    Factual Background**

    Unless otherwise noted, the following facts are drawn from Leib-Podry's complaint (ECF No. 1-1 ("Compl.")), a document styled as his "proposed statement of cause" (ECF No. 10 ("Pl. Statement")), and his opposition to Gates's motion to dismiss (ECF No. 21 ("Opp.")),[1] and are

―――――――――――――――――――――――
[1] "A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion." *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013). Because Leib-Podry is proceeding *pro se*, the Court considers facts raised in the documents he has filed to the extent they are relevant to the present motions. However, while Leib-Podry's complaint and supporting papers are full of information about his life story and

presumed true for the purpose of resolving the motion to dismiss, *see Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 76 (2d Cir. 2015).

Leib-Podry's mother, Vikki Shoshana Leib ("V. Leib"), worked at Microsoft as a "Creative Director of the Microsoft Network" until 1996. (Compl. ¶¶ 8-9, 14; Pl. Statement ¶ 9.) Leib-Podry alleges that V. Leib and Gates worked together at Microsoft between 1994 and 1996 (Compl. ¶ 8; Pl. Statement ¶ 1), and that Leib-Podry and his mother "were in proximity and contact" with Gates at some point during his childhood (Pl. Statement ¶ 6). V. Leib left her job at Microsoft in 1996 in order to live closer to her father in New Jersey. (*Id.* ¶ 9.) Tragically, when Leib-Podry was fifteen years old, V. Leib died by hanging. (*Id.* ¶ 5.)

Leib-Podry now brings this case, asserting claims of "personal injury" and "quantum meruit," and raising facts related to wrongful death, stemming from his mother's time at Microsoft and her eventual death. (*See* Compl. at 1-2.) He seeks $44 billion in damages. (*Id.* at 1.)

B. **Procedural History**

Leib-Podry filed suit in the Supreme Court of New York, New York County, on September 4, 2024. (Compl. at 1.) Gates removed the action to federal court on November 8, 2024. (ECF No. 1 at 1.) After Gates filed a motion for more definite statement in response to Leib-Podry's confusing statements and pictures in his complaint (ECF No. 6), Leib-Podry filed a "proposed statement of cause" purporting to clarify his asserted claims (Pl. Statement (capitalization altered)). Gates moved to dismiss the complaint on January 24, 2025 (ECF No. 13), and filed a memorandum in support of his motion (ECF No. 13-1 ("Def. Mem.")). Leib-

---

academic interests, the Court recites only the information that is potentially relevant to the legal claims.

Podry subsequently filed a series of motions, including a motion to compel mediation and stay litigation on February 12, 2025 (ECF No. 20), a motion for summary judgment on February 18, 2025 (ECF No. 22), and a motion to amend his complaint on March 3, 2025 (ECF No. 30 ("Mtn. to Amend")).  He also opposed Gates's motion to dismiss on February 18, 2025.  (Opp.)  Gates replied in further support of his motion to dismiss on February 24, 2025 (ECF No. 25), and opposed Leib-Podry's other motions thereafter (ECF Nos. 29, 32, 33).

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Such a claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In ruling on a motion to dismiss, the Court must accept as true all factual allegations in the complaint, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

Leib-Podry is litigating his case *pro se*.  "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  Because of this, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks omitted).  "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

**III.    Discussion**

Gates moves to dismiss Leib-Podry's complaint, arguing that he lacks standing to bring claims on his mother's behalf, that his claims are time-barred, and that the facts he alleges cannot survive a Rule 12(b)(6) motion.  (Def. Mem. at 7, 9, 11.)  Because the Court agrees that Leib-Podry's claims are time-barred, it does not reach Gates's other theories of dismissal.

"Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations."  *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998) (citing *Guaranty Trust Co. v. York,* 326 U.S. 99, 108-09 (1945)); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). "New York courts generally apply New York's statutes of limitations, even when the injury giving rise to the action occurred outside New York."  *Stuart*, 158 F.3d at 627.  In some situations, such as when a plaintiff files suit on behalf of a decedent who was not a resident of New York when the cause of action accrued, New York's "so-called 'borrowing statute'" applies, and bars the claim if it is untimely either under New York law or the state in which the injury occurred.  *See Dugan v. Schering Corp.*, 86 N.Y.2d 857, 859 (1995) (citing N.Y. C.P.L.R. § 202).

It is not clear from Leib-Podry's convoluted and often perplexing filings in which state the personal injury, quantum meruit, and wrongful death claims accrued.  But because all of Leib-Podry's claims must at least satisfy the relevant New York statutes of limitations, the Court begins by determining timeliness under New York law.  *See id.*

Leib-Podry's personal injury and quantum meruit claims appear to stem from Gates's alleged treatment of Leib-Podry's mother during her tenure at Microsoft.  However, V. Leib left Microsoft, and moved from Seattle to New Jersey, in 1996.  (Pl. Statement ¶ 9.)  Because New York has a three-year statute of limitations for personal injury claims, *see* N.Y. C.P.L.R.

4

§ 214(5), V. Leib would have had to file suit by 1999.  As for a quantum meruit claim, New York's six-year statute of limitations would require her to have brought such a claim by 2002.  *See* N.Y. C.P.L.R. § 213(2); *see also Eisen v. Feder*, 763 N.Y.S.2d 279, 280 (2003).  And, even assuming that Leib-Podry is the proper representative to file a tort claim on behalf of his deceased mother, his claims are also untimely.  New York law provides for infancy tolling, and an additional three years of tolling after a minor turns eighteen years old.  N.Y. C.P.L.R. § 208(a).  The statute, however, limits the total tolling period to a maximum of "ten years after the cause of action accrues," with some exceptions not relevant here.  *See id.*  Thus, Leib-Podry would have needed to bring his personal injury claim by 2009 and his quantum meruit claim by 2012.  Even without the ten-year statutory cap, Leib-Podry came of age—at the latest—by 2014,[2] so his three-year extension would have expired no later than 2017.  *See id.*  Instead, he belatedly filed suit in New York state court in September 2024.  (*See* Compl. at 1.)

Leib-Podry's wrongful death claim, which the Court reads into his *pro se* pleading, is similarly time-barred.  Though he does not state in what year his mother died, Leib-Podry states that the death occurred when he was fifteen years old.  (Pl. Statement ¶ 5.)  That means—at the very latest—V. Leib died in 2011.  New York has a two-year statute of limitations for wrongful death claims.  N.Y. Est. Powers & Trusts L. § 5-4.1(1).  And, again assuming that Leib-Podry was a minor until 2014 and applying New York's tolling provision for minors, N.Y. C.P.L.R. § 208(a), he still would have had to bring this wrongful death claim no later than 2017.

---

[2] Leib-Podry does not state his age or date of birth in any of his filings.  However, he mentions that he "was present at the Microsoft offices in Seattle as a very small child."  (Pl. Statement ¶ 4.)  Thus, he must have been born at the latest in 1996, the year his mother left Microsoft and Seattle.  (*See id.* ¶ 9.)  That means Leib-Podry turned eighteen in 2014 or before.

Because Leib-Podry's claims are all time-barred, and because he does not plead any facts that could plausibly trigger equitable tolling, Gates's motion to dismiss is granted, and Leib-Podry's motions for summary judgment and to compel mediation and stay litigation are denied as moot.

## IV. Leave to Amend

The Second Circuit has made clear that "[d]istrict courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend." *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (summary order) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). However, a Court need not grant leave to amend when amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011).

Leib-Podry moves to amend his complaint to add claims of emotional distress, negligence styled as "reckless endangerment," and employment discrimination styled as "financial negligence." (*See* Mtn. to Amend at 1-2, 12.) He also seeks to plead "many reasons to toll the statutes of limitations," including a theory based on "New York State law regarding disability." (*Id.* at 2.) These amendments would be futile. Even if he could assert the additional tort claims on behalf of his mother, they would still be time-barred by the relevant statutes of limitations[3] and New York's ten-year cap on tolling for infancy, *see* N.Y. C.P.L.R. § 208(a); *supra* Section III.

---

[3] *See Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 491 (2007) (applying the one-year statute of limitations in N.Y. C.P.L.R. § 215 to intentional infliction of emotional distress claims); *Ackerman v. Price Waterhouse*, 84 N.Y.2d 535, 541 (1994) (applying the three-year statue of limitations in N.Y. C.P.L.R. § 214 to negligence actions more generally); 42 U.S.C. § 2000e-5(e)(1) (requiring Title VII claimants to file a charge within 180 days after the unlawful employment practice occurred); *Langella v. Mahopac Cent. Sch. Dist.*, No. 18-CV-10023, 2020 WL 2836760, at *15 (S.D.N.Y. May 31, 2020) ("In general, claims arising under the NYSHRL are subject to a three-year statute of limitations.").

Further, Leib-Podry fails to plead any new facts in his proposed amended complaint that would trigger additional tolling, beyond the three years that New York law affords to litigants whose claims accrue when they are minors. (*See* Mtn. to Amend at 34-35.) While Leib-Podry argues in his proposed filing that the Court should toll the statutes of limitations because "the Plaintiff has been disabled because of the insanity of others" and has suffered from depression (*id.* at 36), neither of those conditions would qualify Leib-Podry's claims for additional tolling under New York law, *see La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 99 (2d Cir. 2014) ("[New York] [c]ourts have noted that the statute speaks in terms of insanity, not merely mental illness, and apathy, depression, posttraumatic neurosis, psychological trauma and repression therefrom or mental illness alone have been held to be insufficient to invoke the insanity toll." (cleaned up) (collecting cases)); *see also Overall v. Est. of Klotz*, 52 F.3d 398, 404 (2d Cir. 1995) ("New York construes tolling doctrines as narrowly as possible.").

Leib-Podry's motion to amend is thus denied on the ground of futility.

## V.    Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, Plaintiff's motion to amend is DENIED, and Plaintiff's motions for summary judgment and to compel mediation and stay the case are DENIED as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motions at Docket Numbers 13, 20, 22, and 30; to enter judgment of dismissal; and to close this case.

The Clerk of Court is further directed to mail a copy of this Opinion and Order to Plaintiff.

SO ORDERED.

Dated: June 30, 2025
New York, New York

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　J. PAUL OETKEN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge